IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME DUNSON<br><br>      Plaintiff<br><br>VS.<br><br>BILL KISSELL,<br><br>      Defendant | NO. 5:09-CV-269 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendant Bill Kissell, Director of Health Services. Tab #14. Plaintiff Jerome Dunson was directed to file (Tab #15) and has filed a response (Tab #18) to this motion. The defendant filed a reply. Tab #19. The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dunson, an inmate currently incarcerated at Baldwin State Prison, filed the above-captioned lawsuit wherein he alleges that his Eighth Amendment rights have been violated by defendant Bill Kissell. Tab #1. More specifically, plaintiff complains that defendant Kissell was deliberately indifferent to his serious medical needs involving temporomandibular joint disorder (TMJ). By way of relief, plaintiff seeks a court order directing the defendant to modify certain departmental health care policies, as well as twenty-million-dollars ($20,000,000.00) in compensatory and punitive damages.

In response to this allegation, the defendant has filed the instant motion seeking dismissal. Therein, he asserts that this action should be dismissed because the plaintiff, who is proceeding *in forma pauperis*, has (1) previously accrued three strikes according to the provisions of 28 U.S.C. §1915(g); (2) has failed sufficiently to state an Eighth Amendment claim of medical deliberate indifference; and, (3) contrary to certain provisions of 42 U.S.C. § 1983, is attempting to establish liability on the theory of vicarious liability.

# LEGAL STANDARDS

## A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[1] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

---

[1] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

## DISCUSSION

In his complaint, plaintiff Dunson alleges that defendant Kissell completely denied him medical treatment for his serious jaw condition. He avers that defendant Kissell accomplished this through the promulgation of a policy governing which, if any, medical treatments which are available for provision to inmates by the Georgia Department of Correctional Health Services. This policy, according to the plaintiff, prohibits prison dentists from providing any treatment whatsoever to inmate's suffering from TMJ. Plaintiff further alleges that at the time the alleged denials took place, defendant Kissell was the Director of Health Services and is therefore the responsible party.

With regard to these allegations, and in his motion seeking dismissal, defendant Kissell notes that, despite the plaintiff's assertions to the contrary, he has been, and continues to be, provided with appropriate medical treatment for his jaw condition. To that end, the defendant states that plaintiff Dunson receives pain medication and has been provided with a custom-fabricated bite plate and certain appropriate medical profiles. As such, he contends that the plaintiff's claim is not really about being denied medical treatment, but rather about his disagreement with the provided course of treatment. As such, the defendant concludes that the plaintiff has failed to state a claim.

In response, the plaintiff acknowledges that he has received the pain medication and bite plate described above. Curiously, he then declares that "a bite plate is not a form of treatment." Thereafter, he asserts that, absent treatment from a specialist, his jaw condition will cause him to "grind his teeth all the down and will lead to erosion and degeneration."

In view of the above, it is apparent that the plaintiff has received medical attention and treatment for his jaw condition. It is also clear that his claim involves a disagreement about his course of treatment, not the lack thereof. Pursuant to the above-cited precedents, a disagreement about the course of medical treatment, without more, simply does not rise to the level of a constitutional violation. Accordingly, **IT IS RECOMMENDED** that defendant Kissell's motion seeking dismissal be **GRANTED** and that this action **DISMISSED**.[2]

---

[2] The undersigned acknowledges that much attention was given by the parties to the issues of the plaintiff's three strikes and his claim based upon vicarious liability. However, given the plainly inadequate pleadings set forth by the plaintiff in his attempt to state a claim of medical deliberate indifference, discussion and analysis of these other issues appears unnecessary.

Also before the court is plaintiff's MOTION FOR JUDGMENT ON THE PLEADINGS. Tab #27. In view of the above **RECOMMENDATION**, **IT IS RECOMMENDED** that this motion be denied as **MOOT**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 15th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE